IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| LYNN FOX, | ) ) | |
| Plaintiff, | ) ) | CV 05-598-PA |
| v. | ) ) ) | |
| PEGGY JONES, in her individual capacity, | ) ) ) | **OPINION** |
| Defendant. | ) ) | |

Philip M. Lebenbaum
HOLLANDER, LEBENBAUM & GANNICOTT
700 Crown Plaza
1500 S.W. First Ave.
Portland, OR 97201-5825

    Attorneys for Plaintiff

Stephen F. Crew
T. Chad Plaster
RAMIS CREW CORRIGAN, LLP
1727 N.W. Hoyt Street
Portland, OR 97209

    Attorneys for Defendant

1 - OPINION

PANNER, J.

Plaintiff Lynn Fox brings this civil rights action against defendant Peggy Jones. Defendant is a Code Compliance Specialist with the City of West Linn (the City), and the West Linn Police Department. Plaintiff seeks declaratory and injunctive relief, claiming that defendant violated her constitutional rights by removing political signs from her property.

I held a court trial on September 28, 2005. These are my findings of fact and conclusions of law. Fed. R. Civ. P. 52. Judgment is for defendant.

## FINDINGS OF FACT

Plaintiff owns property in the City on the corner of Palomino Way and Pimlico Drive. The City owns a strip of land between plaintiff's property and Pimlico Drive.

Defendant has been the Code Compliance Specialist since July 2004. She is responsible for enforcing the City's sign code, which prohibits posting signs on City property.

In early August 2004, defendant discovered a "For Rent" sign on the City property adjacent to plaintiff's property. After defendant removed the sign for violating the sign code, plaintiff met with defendant. Plaintiff argued, incorrectly, that the sign was on her property. Plaintiff became irate and ordered defendant to leave.

Plaintiff attended a City Council meeting on August 18,

2004, to ask where she could post signs. Plaintiff complained that defendant had been rude to her. The Mayor explained the procedure for lodging a complaint against a City employee, and the council president apologized to plaintiff.

The City engineer, Ron Hudson, met with plaintiff in mid-August 2004 to discuss property lines. Plaintiff told Hudson that she thought she owned the land down to the street. Hudson gave plaintiff a map that showed the boundary between plaintiff's lot and the City's property. The City's strip of land is about 23 to 40 feet wide between plaintiff's property and the street.

Plaintiff asked a friend, Charles Lytle, to post several political signs for her on her property. Lytle testified that he used the City's map as a guide and carefully measured before posting the signs.

While on patrol in plaintiff's neighborhood, defendant determined that there were three political signs on the City's property. With help from a police officer, defendant removed the signs. Plaintiff's signs, along with hundreds of other signs removed for code violations, were taken to an old fire station where the signs could be retrieved by their owners. Plaintiff did retrieve her signs several times after being removed.

Defendant later noticed a "For Rent" on the City property adjacent to plaintiff's property. She had the sign removed.

On another patrol, defendant saw three signs posted near the

border between plaintiff's property and City property. Defendant removed one sign after determining that it was clearly on City property. Using a tape measure, defendant found that the other two signs were close enough to plaintiff's property that she chose not to remove them.

I find that plaintiff failed to show that defendant removed political signs from plaintiff's property, rather than from the City's property. Although Lytle testified to his painstaking measurements, the evidence is inconclusive and plaintiff has the burden of proof on this issue.

Defendant's notes indicate that during August 2004, she cited and removed about 170 signs for code violations. During September and October 2004, she removed a total of about 200 signs. There is no evidence that defendant singled out plaintiff's property for enforcement of the sign code, or that defendant focused on political signs.

## CONCLUSIONS OF LAW

### I. Declaratory Relief

#### A. Standards

A federal court "[i]n a case of actual controversy within its jurisdiction . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The court has discretion in determining whether to

grant declaratory relief. <u>Natural Resources Defense Council, Inc. v. U.S. E.P.A.</u>, 966 F.2d 1292, 1299 (9th Cir. 1992). "The guiding principles are whether a judgment will clarify and settle the legal relations at issue and whether it will afford relief from the uncertainty and controversy giving rise to the proceedings." <u>Id.</u> (citing <u>McGraw-Edison Co. v. Preformed Line Products Co.</u>, 362 F.2d 339, 342 (9th Cir. 1966)).

**B. Discussion**

An official may be personally liable under 42 U.S.C. § 1983 if the official acted under color of state law in depriving the plaintiff of a federal right. <u>Romano v. Bible</u>, 169 F.3d 1182, 1185-86 (9th Cir. 1999). Here, defendant was acting under color of state law. However, plaintiff has not shown that defendant intentionally deprived plaintiff of a federal right. Before removing signs, defendant carefully determined whether the signs were posted on City property, and defendant gave plaintiff the benefit of the doubt on close calls. Even if defendant had negligently removed a political sign from plaintiff's property, that would not support a civil rights claim. <u>See</u> <u>Stevenson v. Koskey</u>, 877 F.2d 1435, 1440-41 (9th Cir. 1989) (negligent interference with inmate mail did not state claim under 42 U.S.C. § 1983). Plaintiff has not shown a "deliberate, intentional abuse of governmental power for the purpose of depriving a person of life, liberty or property." <u>Id.</u> at 1440 (citations omitted).

A declaratory judgment would serve no useful purpose here because the parties' only dispute is whether defendant removed political signs from plaintiff's property. The parties agree that plaintiff has the right under the United States Constitution and under the City code to post political signs on her property. Plaintiff does not contend that she has the right to post political signs on the City property adjacent to her property. No purpose would be served by granting declaratory relief.

## II. Injunctive Relief

The district court has discretion to grant injunctive relief. See Biodiversity Legal Found. v. Badgley, 309 F.3d 1166, 1176 (9th Cir. 2002). Here, plaintiff has not shown that there is a case or controversy as required by Article III of the Constitution.

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). An action seeking prospective relief may proceed "despite abatement of the underlying injury only in the exceptional situations where the following two circumstances were simultaneously present: (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Lewis v.

Continental Bank Corp., 494 U.S. 472, 481 (1990) (citations and internal quotation marks omitted).

Even assuming violations occurred, plaintiff has not shown a reasonable expectation that such violations would occur again. Plaintiff is not entitled to injunctive relief.

**CONCLUSION**

Judgment is for defendant.

DATED this 13 day of October, 2005.

OWEN M. PANNER
U.S. District Judge